# McGILTON v WISE

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 23, 1932

**POLLOCK, J.**

It does not appear from this question and answer, or anything that preceeds it, that there was any offer made to compromise by this young man. It was just simply a statement made by him in talking over the claim that the defendant in error had made that he was the father of the child, and

Charles D. Fogle for plaintiff in error.

T. J. Kremer, Woodsfield, for defendant in error.

we think there was no error in the court refusing to strike out the answer.

The same witness was again asked this question:

"Q. Was he there any other time?"

The answer is:

"A. He was there the 30th to make settlement.

Q. What, if anything, did he say on that occasion?

Defendant objects.

Sustained."

This is urged as an effort to prove a proposition of settlement, and it is claimed that the court sustaining the objection is not sufficient, that he should have withdrawn the objectionable answer from the consideration of the jury, and admonished counsel not to further transgress in that regard.

It will be noticed that the objectionable answer is made to the previous question. When the next question was asked, all that was done by counsel for defendant was to object to it, and the court sustained the objection. With that, the examination proceeded. If counsel for defendant wished the previous answer withdrawn, he should have pursued the subject further, and made such a request of the court.

The court did just what the defendant asked him to do, to sustain the objection to the question. There is no reversible error in the court failing to do as plaintiff in error now urges that he should have done.

The next error complained of is in the court permitting incompetent evidence in rebutter.

The plaintiff was called in her own behalf and testified to the defendant calling on her, and she and the defendant keeping company during the summer in which, it is claimed, the defendant had sexual intercourse with the plaintiff, and testified to the occasion when conception took place.

From her testimony, she claimed that he had been with her, and kept company with her during the months preceding this, and following it for a short time. The only other evidence offered by the plaintiff was that of the doctor who was present at the birth.

Plaintiff then rested and the defendant was called and testified, denying that he was the father of the child, and denying that he had ever kept company with this young lady except on two occasions, one in June and the other in July.

He was further asked on cross examination about the meeting, after the birth of the child, with the father and mother and the plaintiff below. He denied that he was the father of the child, and denied that he had offered to marry the girl.

At the close of defendant's testimony, the plaintiff called the father and the mother, and some other witnesses, and introduced testimony tending to contradict the defendant below in regard to his only keeping company, or being with the plaintiff below on two occasions that summer, but testified to his frequent calling on plaintiff, and frequently being out in her company during that time.

Further, the father and the mother testified to this meeting, that we have heretofore referred to, about his offering to marry the girl if his parents would permit.

To practically all of this examination, there was an objection and an exception entered, and on two occasions during the examination, defendant inquired if he would be permitted to introduce further testimony, and the court told him he would not be.

At the close of this evidence, the defendant made a motion to withdraw it all from the jury, on the ground that it was not competent in rebutter.

The defendant had offered himself as a witness, and testified in regard to these matters. As a witness, he was subject to impeachment by offering evidence tending to disprove his statements just as any other witness.

This evidence was competent in rebutter as tending to impeach this witness. If the court had been required to limit it to the consideration of the jury to impeaching evidence, and not use it as substantive evidence, the objection would have been well taken, but that was not done, so there was no error in the admission of this evidence.

It is further urged that the court erred in not permitting the defendant to introduce evidence to sur-rebut this evidence.

The question whether or not the defendant had a right to introduce this evidence is not before the court. Asking the court, during the introduction of plaintiff's evidence, if he would be permitted to introduce evidence does not raise the question.

It would have been necessary for the defendant, in order to have raised this question, to have called a witness and if the court refused to permit the witness to be examined, then, to state what he expect-

ed the witness to testify to. That was not done.

From all that appears in the record, the defendant had no evidence tending to contradict the evidence introduced by the plaintiff.

We then come to the error claimed that the verdict is against the weight of the evidence. This is strenuously insisted upon.

We do not intend to go into a detailed reciting of this evidence, or a discussion of it.

It is claimed by the defendant that the act of sexual intercourse is not sustained by anyone except the plaintiff's own evidence, and this is true, by any, at least, direct evidence, which is always the case in such actions.

There is, in addition to her testimony, testimony which the jury would have a right to believe, that he frequently during this summer in question called on this young lady, and was frequently in her company. And, in addition to that, we have the testimony of the father and the mother of what he said in regard to marrying the plaintiff below, at that meeting.

It is urged that she is contradicted as to their being together on the night on which she places the act was committed.

Perhaps she is mistaken in the date, or perhaps, the other witnesses were confused in their testimony in regard to the times which she fixed. Anyway, it was a question for the jury to determine. Largely, such cases must be determined upon the weight and credit given to the plaintiff below, and the defendant below.

The jury in this case has resolved whatever doubt there may have been in favor of the plaintiff, and this court is not able to say that the verdict reached by the jury is manifestly against the weight of the evidence.

Judgment of the court below is affirmed.

FARR and ROBERTS, JJ, concur in the judgment.